May it please the court. Good morning, honorable judges. I'll reserve two minutes for rebuttal. I want to point the court's attention towards Peeple v. Petrovic, the case that the petitioner cited in his 28-J letter. Specifically, we'll quote the direct language that states, the Tecklenburg court concluded the California statute covers a broader scope of conduct than its federal counterpart. Consequently, permitted conduct under that federal statute is prohibited conduct under section 311. In Petrovic, this is a fact-based inquiry. Any time that the court is manipulated or controlled the content, the item, the data, whatever you want to call it, that's in the hard drive. Petrovic stands for the assumption that the jury can infer knowledge based on temporary internet files, even when the defendant testifies that he did not know the files were in the temporary internet folder. Now, knowledge may be inferred by the jury when there's surrounding circumstances, such as search histories saying that the defendant sought out child pornography websites. The other piece of evidence that they allowed the jury to infer the knowledge was the fact that the defendant made false statements to the police regarding the he didn't ever use the internet and that they, quote, wouldn't find anything on his hard drive. The fact that Tecklenburg has to do with whether he had knowledge that the pornography was on the screen and whether he had knowledge that it was being cashed, put in the cash. That's not the is whether the federal statute is narrower or put the other way around. The state statute criminalizes some behavior which the federal statute does not. Why don't you address that? That behavior that I'm discussing is the behavior that occurred in Kuczynski, the behavior where a defendant has. Now, let's talk about the type of sexual conduct which is prohibited under the federal statute 2252 versus the type of sexual conduct which is prohibited under 311.11a. Regarding the definition of 311.4 and. And reference to 288. Reference, what why don't you concentrate on that? Is there are there actions which will be penalized in California, which will not be penalized federally? I don't have any. Specific. Did you read Martinez? I have I have case law from the case of the of the court's order, which is People v. Carpenter, where the California state court states that a lewd or lavish act can occur through the victim's clothing and can involve any part of the victim's body and the federal definition, it must involve the genitalia or the breasts or the. Do we know whether the federal statute covers actions where the victim's body is clothed? I believe I believe this circuit hasn't published a decision on that yet. We have the Knox case in the Third Circuit, which discusses partially clothed. Aside from that. The inquiry hasn't always been completely nude or not nude. There are surrounding circumstances that the federal courts have taken into consideration, specifically in the Third Circuit. I have not seen any case decisions from the Ninth Circuit that have done so. I would argue that there has to be some exposure under the under the or exhibition under the definition of self. Let me ask you the question, forgetting about the theoretical possibilities about whether there are crimes which are penalized under the state statute, which are not under the federal statute. That's theoretically we can be in a law school class and paper chase movie, whatever, and we can think of things, right? The question is, under Duenas-Alvarez, is there a realistic possibility, a probability that that type of conduct would be prosecuted in California, but would not be prosecuted under the federal statute? In the context of the court's order regarding the definition of sexual conduct versus sexually explicit conduct? Yes. I don't think that's my strongest argument, but. I don't think it is either, but that's why I'm trying to probe it. Do we have any prosecutions for possession of child pornography, which show sexual conduct penalized under state statute, which would not be penalized under federal statute? Under 311.11, I could not find any prosecutions. I would again point the court's attention to another case, People v. Hardstrom, which is part of the 95 People v. Martinez case that was in the court's order that discusses defendant need not touch a particular part of the victim's body. That's in the actual sexual conduct prosecution. And it's not in possession of pornography. So I'm having a difficult time thinking that it's probable that the state authorities would prosecute a child pornography possession film, which showed the child clothes. But I'm looking to you for help to see if that's the reason. I understand. And I looked, Your Honor, I looked very diligently. And I, as far as, again, I want to answer the court's questions, but I also think it's very important to look at Petrovich and the fact that you've got prosecutions happening where the individual has no knowledge whatsoever of the fact that these images, these data files are on his hard drive. And unlike Kuczynski, they wouldn't be convicted. Mahoney also talks about a jury instruction that is asked to differentiate between whether or not the defendant knew, had knowledge of the images on his hard, or the data files on his hard drive. Because in all the other cases, in all the federal cases, there's some manipulation. There's some touching of the file. There's a deleted. Even under Tecklenburg, there is a enlargement of the image. In Petrovich, there's no enlargement. There's no deletion. There's no deletion for purposes of emailing or, you know, you get an email and you just delete it and report it to law enforcement. Still, you touched the image. In Petrovich, there's no touching of the image at all. It's directly contradictory to Kuczynski. And in fact, it even says, it says right there, we are different from the federal circuit. There's... Counselor, if we were to agree with you that we think that the California statute is broader than the federal statute, what's the appropriate remedy in this case? If the BIA has jurisdiction over, I think it would be to dismiss the... I think it would be to find that the petitioner is not guilty of an aggravated felony and ultimately reverse the removal order issued. We don't, we don't send it back to the agency for modified categorical approach? I don't think it merits a modified categorical approach. Well, how can we determine that on this record? It, he, it, it's not a divisible statute. Why did you say it's not divisible? There's an or in there, or lewd and lascivious conduct, and it is different from the other items which can constitute... The jury is not required to conclude that which of the specific parts of the definition are used. If they find any of those, it's a, it's a conviction, or it's a conviction. I would like to reserve a minute for rebuttal. Okay, you may do so. Let's hear from the government. Ms. Martin. Thank you, judges. May it please the court. My name is Ashley Martin, and I represent the respondent in this matter. I'd like to begin by addressing your honor's question concerning whether or not the California statute prohibits the possession of images depicting sexual conduct that would not also be prescribed by the federal statute prohibiting possession of images depicting sexually explicit conduct. Petitioners failed to demonstrate a realistic probability under Duenas-Alvarez that the California statute applies to images that would not also be prescribed under the federal statute. In the court's order issued on Monday, the court raised a question as to whether or not the state statute might apply more broadly because it contains a reference to lewd or lascivious acts as defined in Section 288 of the California Penal Code. The panel also referred to the California Supreme Court's decision in People v. any touching might suffice as long as that touching was done with the intent to gratify the sexual desires of either party, either the toucher or the child being touched. In response to the court's order, the government did undertake to research state cases to see if there's any prosecutions of a defendant under Section 311.11a for possession of images that depict a touching that could be benign but is actually illicit based on the intent of the individual in the photograph doing the touching. And the government could find no such cases. Rather, under California law, as under federal law, if the defendant, and by that I mean the defendant in a possession of child pornography. Counsel, did you find People v. Samarin? It's an unpublished California opinion. It's published, of course, because we can find it online, but it isn't published in the California Reporter. It's a 2009 opinion. No, Your Honor, I don't recall looking at a case by that name. There were three photographs at issue there, and one of them was of a young girl, I think she was about nine, who was partially clothed but in a very provocative manner. And the court held that the photographs constituted sufficient evidence that he had violated 311.11. Well, Your Honor, although I don't recall specifically looking at that case, based on the facts that you just described, the government would argue that that is also penalized under federal law. Under federal law, there... Even if she's wearing underwear? Correct. There's no requirement of nudity or even partial nudity under federal law. And there's support for that in the Third Circuit's decision at United States v. Knox. That's at 32 F. 3rd 737. There's further support for that proposition at United States v. Helton. That is a Tenth Circuit opinion. It is unpublished, but it's available at 302 Federal Appendix 842. And the government has not found any contrary federal cases arising out of this jurisdiction that have held that nudity or partial nudity is a requirement. Rather, under federal law, as under state law, the court turns to a list of six factors to determine whether or not the image is illicit. In federal law, those are referred to as the DOST factors. In state law, those are referred to as the KONGS factors. But either way, the factors are the same. The fact finder is directed to consider whether the focal point of the visual depiction is on the child's genitalia, whether the setting of the visual depiction is sexually suggestive, whether or not the child is depicted in an unnatural pose or an inappropriate attire, whether or not the child is fully or partially clothed. That is a factor, but it's not dispositive. Whether or not the visual depiction suggests sexual coyness. And finally, and most importantly, whether or not the image is intended to elicit a sexual response in the viewer. These factors demonstrate that, in effect, the state courts and the federal courts are applying possession of child pornography statutes in the same way. It's notable that in the California state courts, whenever a defendant raises a defense to the charge that the images that he or she possessed are actually benign in nature, the state court, just like the federal court, turns to the KONGS factors or the DOS factors to assess whether or not that is the case. Do you agree with your colleague that we cannot remand this for a modified categorical below because the statute is indivisible? Your Honor, the government's position on that is that if the court does not agree with the government's argument in this case, then it should remand to the Board of Immigration Appeals because since the board decided this case in November of 2011, there have been a number of changes in the law regarding when application of the modified categorical approach is appropriate. We've had desk camps. Since desk camps, we've had this court's decision in Rendon, and the board has not had the opportunity to consider this case under either of those decisions. Furthermore, the issue, the specific issue... So the government doesn't take a position on whether the statute is divisible or not? To be candid, Your Honor... I hope so. Under this circuit's decision in Rendon, jury unanimity is a requirement in assessing whether or not a statute is divisible, and the government was unable to find any cases indicating that a jury in California would necessarily have to unanimously agree on why an image satisfies the definition of sexual conduct. Nevertheless, under the ordinary remand rule, there are issues in this case that the board has not had the opportunity to consider. One of those is the application of the modified categorical approach, and another one is the specific issue that this court noted on Monday, which is whether or not the California definition of sexual conduct is, in effect, broader than the federal definition. I'd like to take you back to that, because I think that, at least for me, I think one of the critical questions here is whether the federal statute would punish depictions that were of clothed children in these situations, because it's pretty clear that California would, or at least there's a very, very strong argument after Martinez that that's covered, if you follow where all the definitions go. So the federal definition of sexually explicit conduct is in 2256. Am I correct on that? Okay. Now, I don't see anything there. I mean, the first four or five of those appear to require actual contact with genitalia, and it's only the fifth, that is, that's the little v, that seems to come within, that you'd be resting on, that is, lascivious exhibition of the genitals or pubic area of a person. Now, how do you get to that that can be clothed? By under the federal case law. I would agree with the court that there's nothing in the federal definition that specifies whether or not the genitals or pubic area can be clothed, and you can still sustain a conviction. And your best cases for that are the Third Circuit's decision in Knox, and the Tenth Circuit's decision in... In Helton. Those are not the exclusive federal cases discussing this issue. They're merely illustrative, but they are very clear that under federal law, nudity or even partial nudity is not a requirement, and the government... They deal specifically with this portion of the statute? Yes, Your Honor, I believe that they do. In order to determine whether or not clothing, or whether or not genitals can be clothed, and a conviction can still be sustained, the federal court, just like the state court, turns to the Kongs or Dost factors in order to assess the nature of the image, and in order to assess whether, despite the fact that the genitalia may be clothed, whether or not this is an image that was created in order to elicit a sexual response in the viewer. Finally, Your Honor, the government would like to note that, even though under Section 288, a conviction may be sustained for any touching of a child, even if it appears to be benign in nature, the government was unable to find any state prosecutions where a defendant was convicted for possessing images of child pornography, even though the contact depicted in that image might possibly be benign in nature. And the government suggests that there's a very good reason for that. It would be nearly impossible for a state prosecutor to prove the intent of the individuals depicted in an image of otherwise benign touching. If Your Honors have no further questions, the government will otherwise rest on its brief. Okay, thank you very much, Ms. Martin. Counsel, you have a little bit of time remaining. Thank you, Judges. May it please the Court, on rebuttal, I just want to point out to the Court that in Petrovich and also in Mahoney, which takes it home, in Mahoney, the defendant asked for a special jury instruction that distinguished between the files that were on his temporary internet folder and the files that were not. And ultimately, the High Court decided not to allow that jury instruction and did not require jury unanimity because it didn't matter, even though the files on the temporary internet folder would have given him more counts and a higher sentence. They didn't recognize that, even though he hadn't touched. Counsel, do you have any response to the government's argument that 2256-2A-5, and the 5 is a Roman V? On its face, it doesn't require nudity, and the Third Circuit's wrong. Okay. Anything further, Counsel? No, Your Honor. Okay, thank you very much. We thank both counsel for the argument. Chavez-Solis is submitted.
judges: Fisher, Bybee, Bea